512          BRISTOL, PLYMOUTH, &c.

Old Colony and Fall River Railroad Company *v.* County Commissioners of Plymouth.

OLD COLONY AND FALL RIVER RAILROAD COMPANY *vs.* COUNTY
COMMISSIONERS OF PLYMOUTH.

The *St.* of 1857, *c.* 287, concerning the laying out of highways across railroads, applies to
a petition for the laying out of a highway, pending at the time of its passage.

Under the *St.* of 1857, *c.* 287, an adjudication by county commissioners, laying out a high-
way across a railroad, which does not state whether the highway is to be carried over or
under or on a level with the railroad, or show that special notice was given to the railroad
corporation, is erroneous and will be quashed on *certiorari*, although the railroad corpo-
ration actually appeared and were heard before the commissioners.

PETITION for a writ of *certiorari* to quash proceedings of the
respondents in laying out a highway across a railroad in North
Bridgewater. The case appearing on the petition and answer,
upon which it was heard before the full court, was as follows :

On the 29th of September 1856 a petition was presented to
the county commissioners to lay out a highway across land of
the petitioners and others, upon which an order of notice was
issued, returnable on the 1st of May 1857, and served on the
town clerk, posted in two public places in the town, and printed
in a newspaper published in the town, but not otherwise served
on the petitioners. But they appeared and were heard by their
attorney.

The county commissioners, at their regular meeting in August
1857, adjudged that common convenience or necessity required
the laying out of a highway across said lands, which would be
in fact across the railroad of the petitioners ; but it was not
alleged in this adjudication that public necessity required said
location, or that the highway should be at grade, nor was it
adjudicated whether or not it should be built with a bridge over,
or under the railroad, or cross the railroad at a level therewith.
Notice of this adjudication and of the intended location of the
highway, and of a hearing thereon and assessment of damages
on the 14th of October, was served, posted and published as be-
fore. Upon return of this notice the commissioners, " after hear-
ing all persons and corporations who wished to be heard on said
adjudication, proceeded to lay out and establish a new road and

common highway as set forth in said adjudication (no person or corporation objecting thereto)," and described it particularly by bounds, courses and distances, and as crossing the petitioners' road; and awarded damages among others as follows: " To Old Colony and Fall River Railroad Corporation, claims no land damages ; for moving depot and track, one hundred and fifty dollars."

The petitioners alleged that the line of highway ran directly through their station, where a highway could not be laid out on a level without materially obstructing the railroad and endangering the safety of the public; and that the respondents had given orders to construct the highway across the railroad on a level, and threatened to remove the station. The respondents denied that the location would materially obstruct the railroad or endanger the safety of the public ; and alleged that the highway would be for the public convenience, and that they had awarded to the petitioners a sufficient sum to indemnify them for all damages sustained by them from the location.

*J. H. Clifford & C. G. Davis*, for the petitioners.

*P. Simmons*, for the respondents.

SHAW, C. J. 1. The *St.* of 1857, *c.* 287, being future in its operation, was to govern all proceedings from the time it came into operation on the 30th of May 1857.

2. The adjudication of the common convenience and necessity not having taken place till August, the county commissioners were bound by that law to take the question into consideration in deciding whether the highway should go over or under, and which; and if in their judgment the necessity was so urgent for the highway, as to require a road at grade with its risks and dangers, they were bound specially so to adjudicate.

3. By this act special notice is to be given to the railroad company when a highway prayed for is to cross a railroad. Therefore the proceedings in this case are defective, because the county commissioners, before proceeding to locate the road, did not give notice to the petitioners.

*Writ of certiorari granted.*